# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

**MICHELE TAYLOR,**

    Plaintiff,

v.                                                                       C. A. _____

**TEXAS SOUTHERN UNIVERSITY,**                Jury Demanded

    Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### 1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a JURY TRIAL in this employment discrimination and retaliation case as to any and all issues triable to a jury. Plaintiff alleges Defendant TEXAS SOUTHERN UNIVERSITY discriminated and retaliated against Plaintiff when Defendant TEXAS SOUTHERN UNIVERSITY took adverse personnel actions against Plaintiff and continued to retaliate against her after her employment ended.

1.2 COMES NOW, MICHELE TAYLOR, (hereinafter referred to as "Plaintiff") complaining of and against TEXAS SOUTHERN UNIVERSITY (hereinafter referred to as "Defendant"), and for cause of action respectfully shows the court the following:

### 2. PARTIES

2.1. Plaintiff is an individual who resides in Harris County, Texas at the time the cause of action accrued.

2.2 Defendant Texas Southern University is state university and employer qualified to do business in Texas and engaging in an industry affecting interstate commerce, and employs more than 15 regular employees and may be served by serving President Austin A. Lane, Office of the President, Texas Southern University, at 3100 Cleburne St, Houston, TX 77004. Defendant maintains no immunity from an Equal Pay Act lawsuit.

## 3. VENUE AND JURISDICTION

3.1. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is where all or part of the cause of action accrued and the District where Defendant maintains a residence, an agency or representative.

3.2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1331 and The Equal Pay Act.

3.3. Declaratory and injunctive relief is sought pursuant to The Equal Pay Act.

3.4. Actual damages, to include back pay and front pay are sought pursuant to The Equal Pay Act.

3.5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and The Equal Pay Act.

3.6. Compensatory damages may be awarded pursuant to The Equal Pay Act.

## 4. STATEMENT OF CASE

4.1. Plaintiff, Michele Taylor, has been a long term and loyal employee of Texas Southern University since 1972-1973. She has worked and obtained higher education degrees culminating in earning an Ed.D.

4.2. Dr. Michele Taylor has been an Assistant Dean of Graduate Studies for Defendant for 18 years.

4.3. Plaintiff has learned that Defendant has hired a male employee, Mr. Naveed Haider, who has no doctorate degree (as Plaintiff does) and has significantly less years of service than Plaintiff into an Assistant Dean Position of Graduate Programs, essentially the same position and duties as Plaintiff.

4.4. Most disturbing is that Defendant pays this male employee with less education and experience and service more than it pays Plaintiff, a female.

4.5. Defendant has admitted in writing that it pays Mr. Naveed Haider more than it pays Plaintiff receives after 18 years in the position. Exhibit 1.

4.6. Plaintiff raised her complaint of gender discrimination and unequal pay verbally and in writing to Defendant.

4.7. Although Defendant acknowledge the disparity in writing, Defendant wholly failed to fix the discrepancy.

4.8. Defendant's failure to acknowledge Plaintiff's unequal pay complaints was willful and intentional.

## 5. TIMELINESS

5.1. Defendant's treatment of Plaintiff by paying her less than her male comparator was willful and intentional and when Plaintiff addressed that inequality, Defendant ratified that intent by wholly refusing to address the pay inequality and comply with the Equal Pay Act triggering the three-year statute of limitations. Defendant cannot show that its act or omission was in good faith. Defendant did not have reasonable grounds to believe it did not violate the Equal Protection Act.

## 6. DAMAGES

6.1. As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 7. ATTORNEY'S FEES

7.1. Defendant' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG | SPROVACH, 3518 Travis, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 8. PRAYER

8.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

    8.1.1. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein including benefits;

    8.1.2. Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

    8.1.3. Judgment against Defendant, for front pay by Plaintiff as alleged herein;

    8.1.4. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

    8.1.5. Pre-judgment interest at the highest legal rate;

    8.1.6. Post-judgment interest at the highest legal rate until paid;

8.1.7.   Damages for mental pain and mental anguish;

8.1.8.   Compensatory damages;

8.1.9.   Attorney's fees;

8.1.10.  All costs of court expended herein;

8.1.11.  Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully Submitted,

*/s/ Ellen Sprovach*
Ellen Sprovach
Texas State Bar ID 24000672
USDC SD/TX No. 22202
ROSENBERG | SPROVACH
3518 Travis, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
Ellen@rosenberglaw.com
Attorney-in-Charge for Plaintiff
OF COUNSEL:
ROSENBERG | SPROVACH