IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHELE TAYLOR, § | |
| *Plaintiff* § | |
| § | |
| v. § | |
| § | Civil Action No. 4:19-CV-01225 |
| TEXAS SOUTHERN UNIVERSITY, § | |
| *Defendant.* § | |
| § | |

## DEFENDANT'S MOTION TO DISMISS

**TO THE HONORABLE LEE H. ROSENTHAL,** United States District Judge:

Defendant Texas Southern University ("**TSU**") files this *Motion to Dismiss* Michele Taylor's <u>third</u> lawsuit against TSU within six years for basically the same pay discrimination complaint. Because this latest grievance about a male being paid $924/year more than her fails to state a proper Equal Pay Act claim, and is barred by *res judicata*, her lawsuit should be dismissed.

### I.   INTRODUCTION AND PRIOR LAWSUIT HISTORY

Michele Taylor was a long-time Administrative Assistant in TSU's Graduate School who, after she received a doctorate, received a title change to "Assistant Dean," but her job duties remained predominantly clerical. Taylor complained in her first lawsuit ("***Taylor I***") that male Assistant Deans in TSU's other colleges (who had very different job duties) were paid more, asserting Title VII and Equal Pay Act claims. *See Taylor v. TSU*, No. H–13–2708, 2014 WL 12586752 (S.D. Texas Dec. 23, 2014) ("***Taylor I Opinion***").

Taylor's reasoning was that because they all had "Assistant Dean" in their title, they should be paid the same. Judge Werlein dismissed most of the lawsuit, but allowed her to proceed to trial in 2015 regarding one particular Assistant Dean comparator. Taylor lost that trial.

Taylor filed her second lawsuit ("*Taylor II*") in 2017, asserting Title VII discrimination and retaliation claims for her salary and lack of a promotion. *See Taylor v. TSU*, No. H-17-1522, 2018 WL 7291459 (S.D. Tex. Dec. 26, 2018) ("*Taylor II Opinion*"). This time the Court dismissed all of her claims at summary judgment.

Undeterred, about four months after losing her second lawsuit, Taylor filed this lawsuit ("*Taylor III*"), asserting another Equal Pay Act claim based on the same reasoning as *Taylor I*.[1] She complains that Naveed Haider, a male "Assistant Dean for Graduate Programs" in TSU's School of Business, makes $924.12 more than she does. There are no factual allegations as to what job duties the two allegedly share—simply that he also has "Assistant Dean" in his title, and thus has "essentially the same position" as Taylor.

Thus, *Taylor III* can be easily dismissed under the Fifth Circuit's *Espinoza* case, which affirmed dismissal of Equal Pay Act claims where the plaintiffs' "complaint does not explain how their job duties were the same as [the comparator]." *Espinoza v. San Benito Consol. Indep. Sch. Dist.*, 753 F. App'x 216, 220 (5th Cir. 2018).

Further, to the extent Taylor is basing her claim on both of them having similar "Assistant Dean" titles, that matter was already determined in *Taylor I*, and *res judicata* and collateral estoppel applies.

---

[1] The *Taylor III* Original Complaint references "this employment discrimination and retaliation case" and "adverse personnel actions" and retaliation "after her employment ended." Doc. #1 at ¶ 1.1. However, Taylor remains currently employed at TSU, and this lawsuit only seeks relief under the Equal Pay Act. *Id*. at ¶¶ 3.2-3.6. Elsewhere there is a typo referring to the "Equal Protection Act" instead of the "Equal Pay Act." *Id*. at ¶ 5.1.

In an abundance of caution, TSU also moves to dismiss under Rule 12(b)(6) any claims (whether for retaliation or equal protection or otherwise) being asserted here.

## II. FACTUAL BACKGROUND

**A.   The Court may take judicial notice of proceedings from *Taylor I* and *Taylor II*.**

While the *Taylor III* complaint is sparse, Taylor's work background was already summarized in the *Taylor I Opinion*. Taylor began employment at TSU in 1980 as an Administrative Assistant to the Dean of the Graduate School. 2014 WL 12586752, at *1. Taylor obtained a Doctorate of Education degree in 2000, and was then promoted to Assistant Dean in the Graduate School. *Id*. The Graduate School at TSU is unique, in that it does not have a separate faculty or provide any courses—rather it coordinates graduate degrees awarded by other Colleges and Schools at TSU. *Id*. The Graduate School is tiny, having only about five employees and some part-time student workers. *Id*.

Taylor filed her first lawsuit in 2013, complaining she was not paid as much as male Assistant Deans in the School of Communications, the School of Public Affairs, or the Law School. *Id*. at *3. Judge Werlein granted most of TSU's summary judgment motion, but accepted Taylor's "*ipse dixit*" claim that she performed the same work as Shibu Matthews, the Assistant Dean in the Law School. *Id*.

Judge Werlein held a 2015 trial on the pay discrimination claim. *See* attached Exhibit A (*Taylor I* trial transcript excerpt). At trial, Taylor admitted her pay discrimination claim was entirely based on her belief that both she and Matthews had "Assistant Dean" in their title and thus they should be paid the same, regardless of differences in job duties. *Id*. at 280:11-281:15. She even testified that the fact that female assistant deans in the Law School were also paid more than her somehow constituted "gender discrimination" against her:

> Q.   So, you're aware that Prudence Smith is a female. Correct?
> A.   Yes.

> Q. But the fact that she gets paid more than you is evidence of gender discrimination. Correct?
>
> A. Is, yes, to me. Yes.

*Id.* at 283:2-7.

Taylor admitted she did <u>not even know</u> what job duties Shibu Matthews held, but insisted it was discriminatory to pay them differently when they both had "Assistant Deans" in their titles. *Id.* 286:8-287:18. Unsurprisingly, the jury returned a unanimous defense verdict, and the court entered a take-nothing judgment for TSU. *Id.* at 550:14-551:6, 555:1-8.

In 2017, Taylor filed her subsequent *Taylor II* lawsuit, alleging she was discriminated and retaliated against for her prior lawsuit when she failed to get a salary raise or a promotion. *Taylor II Opinion*, 2018 WL 7291459, at *1. This court dismissed her claims at summary judgment. *Id.*

B.   **New *Taylor III* Allegations.**

Taylor alleges that she learned that TSU hired Naveed Haider into an "Assistant Dean Position of Graduate Programs" (*sic*), and pays him more. Doc. #1, at ¶ 4.3. Taylor incorporates into her complaint a letter she attaches as an exhibit, which explains that she had complained to HR that Haider, a "male of foreign descent with no doctorate degree and fewer years of service has been publicly stating that he holds the title of Assistant Dean of Graduate Studies." Doc. #1-1. Taylor complained to HR that Haider "misrepresented and lied about his current title and job duties." *Id.*

In fact, Haider had been "Assistant Dean for the Graduate Programs" for the Jessie H. Jones School of Business since 2015. *Id.* The letter noted there was only a $924.12 annual difference between Taylor and Haider's salaries. *Id.* There are no factual details regarding their respective job duties.

Accordingly, the facts as pled in the Original Complaint are summarized below:

|  | **Taylor** | **Haider** |
|---|---|---|
| **Title** | Assistant Dean of Graduate Studies | Assistant Dean for the Graduate Programs |
| **School** | Graduate School | Jessie H. Jones School of Business |
| **Job duties** | *Not pled* | *Not pled* |
| **Salary** | *Not pled* | $924.12 difference |

Much like with Shibu Matthews in *Taylor I*, the only apparent thing in common was that both Taylor and Haider have "Assistant Dean" in their titles.

### III. ARGUMENT

**A.     Taylor fails to state an Equal Pay Act claim, with no facts alleged as to job duties.**

Under the Equal Pay Act, Taylor must alleged facts showing that: "(1) her employer is subject to the Act; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than the employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993).

To overcome a motion to dismiss, Taylor must state a *prima facie* case by alleging facts showing she performed equal work under similar working conditions as a similarly-situated male employee. *Jones v. Flagship Int'l*, 793 F.2d 714, 723 (5th Cir. 1986). To establish "equal work," Taylor must allege facts showing that the "skill, effort, and responsibility" required for job performance are "substantially equal." *Id*. Specifically, "the Act necessarily requires a plaintiff to compare her skill, effort, responsibility, and salary with a person who is or was similarly situated." *Id*.

Here, Taylor's complaint fails to allege facts that allow the Court to compare her skill, effort, and responsibility to that of Haider. Instead, she simply asserts in an *ipse dixit* fashion that

as an Assistant Dean, Haider has "essentially the same position and duties as Plaintiff." Doc. #1, at ¶ 4.3. These conclusory statements are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") The court should not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Inv. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

The Court should follow the Fifth Circuit's guidance in *Espinoza*, where it affirmed the dismissal of Equal Pay Act claims at the pleading stage because the plaintiffs' "complaint does not explain how their job duties were the same as [the comparator]." *Espinoza v. San Benito Consol. Indep. Sch. Dist.*, 753 F. App'x 216, 220 (5th Cir. 2018). With no discussion of job duties, the complaint in *Espinoza* "failed to plausibly allege that they and Martinez performed equal work under equal conditions with equal skill." *Id*.

Similarly, this district court has repeatedly dismissed Equal Pay Act claims when a plaintiff failed to "show that, as compared [to similarly-situated male employee], she performed work that required 'equal skill, effort, and responsibility … under similar working conditions." *Thierry v. Schlulmberger Ltd.*, No. CV 4:07-1086, 2008 WL 11504084, at *19 (S.D. Tex. Dec. 23, 2008); *see also Espinoza v. San Benito Consol. Indep. Sch. Dist.*, No. 1:14-CV-115, 2016 WL 10734393, at *4 (S.D. Tex. Dec. 8, 2016).

Accordingly, the *Taylor III* suit should be dismissed under Rule 12(b)(6).

**B.   The *Taylor III* suit is barred by *res judicata* or collateral estoppel.**

In *Taylor I*, Taylor and her counsel failed to conduct due diligence in investigating whether her alleged comparator had anything in common with her job position beyond having "Assistant Dean" in the title. At trial, she admitted she did not even know what Shibu Matthews' job duties

were, and that her lawsuit was based on the fact they both were "Assistant Deans."

Similarly here, it does not appear that Taylor and her counsel have conducted the due diligence to see if there is a non-frivolous basis to allege that Haider and Taylor are similarly situated—beyond both having "Assistant Dean" in their title. To the extent the common "Assistant Dean" title is the basis of this new lawsuit, that claim is frivolous, and barred by *res judicata* and collateral estoppel from *Taylor I*.

"Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "The test for *res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id*.

"Collateral estoppel precludes a party from litigating an issue already raised in an earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action." *Id*.

These elements are met here. Taylor's Equal Pay Act claim based on the fact that both she and a male comparator at TSU have "Assistant Dean" in their title was previously litigated and resolved in *Taylor I*. As currently pled, the *Taylor III* lawsuit should also be dismissed due to *res judicata* and collateral estoppel.

## V.  CONCLUSION

TSU respectfully requests that the Court dismiss Taylor's suit without prejudice.

DATED:  July 24, 2019                    Respectfully submitted,

                                               KEN PAXTON
                                               Attorney General of Texas

                                               JEFFREY C. MATEER
                                               First Assistant Attorney General

                                               JAMES E. DAVIS
                                               Deputy Attorney General for Defense Litigation

                                               THOMAS A. ALBRIGHT
                                               Chief, General Litigation Division

                                               */s/ Drew L. Harris*
                                               **DREW L. HARRIS**
                                               Attorney-in-Charge
                                               State Bar No. 24057887
                                               Southern District ID No. 1114798
                                               **BENJAMIN S. WALTON**
                                               State Bar No. 24075241
                                               Southern District ID No. 2338094
                                               Assistant Attorneys General
                                               GENERAL LITIGATION DIVISION
                                               P.O. Box 12548, Capitol Station
                                               Austin, Texas 78711-2548
                                               Telephone (512) 475-4225
                                               Facsimile: (512) 320-0667
                                               drew.harris@oag.texas.gov
                                               benjamin.walton@oag.texas.gov
                                               ***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was sent via CM/ECF notification on July 24, 2019, to:

Ellen Sprovach
ROSENBERG & SPROVACH
3518 Travis, Suite 200
Houston, Texas 77002
Ellen@rosenberglaw.com
***ATTORNEY FOR PLAINTIFF***

                                               */s/ Drew L. Harris*
                                               **Drew L. Harris**