Case 4:19-cv-01225   Document 22   Filed on 09/13/19 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
September 13, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHELE TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1225 |
| | § | |
| TEXAS SOUTHERN UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Michele Taylor sued her employer, Texas Southern University, alleging that TSU pays a male employee with the same job title $924.12 more per year. (Docket Entry No. 15-1). Taylor asserts a violation of the Equal Pay Act, 29 U.S.C. § 206(d). (Docket Entry No. 15 at ¶ 3.3). TSU has moved to dismiss, arguing that Taylor has not alleged that the male employee has the same job responsibilities as Taylor, and that Taylor has brought the same or similar claims twice before, without success. (Docket Entry No. 12). Taylor amended her complaint and responded that the amended complaint alleges enough facts to state a plausible Equal Pay Act claim, and that, although the claims she raises are not new, she bases this complaint on a different comparator and so preclusion does not apply. (Docket Entry Nos. 15–16). The court heard oral argument on the motion. (Docket Entry No. 21).

After considering the pleadings, the properly considered documents, the motion and response, and the applicable law, the court grants TSU's motion to dismiss, without prejudice. (Docket Entry No. 12). Taylor may amend no later than **September 27, 2019**. The reasons for this ruling are explained in detail below.

I.     The Amended Complaint Allegations

The facts are drawn from Taylor's amended complaint allegations and the document referred to and central to those allegations. *Brand Coupon Network, L.L.C. v. Catalina Mktg.*

*Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Taylor submitted TSU's letter responding to her discrimination complaints; the court may consider that letter.

Taylor has worked as an Assistant Dean of Graduate Studies at TSU for 19 years. (Docket Entry No. 15 at ¶ 4.1). She has been a TSU employee since 1972. (*Id.* at ¶ 4.2). Taylor has a doctorate. (*Id.* at ¶ 4.1). She alleges that in 2016,[1] TSU hired Naveed Haider as an Assistant Dean of Graduate Programs at the Jessie H. Jones School of Business, with "essentially the same" job functions and duties that she had. (*Id.* at ¶¶ 4.1-4.8). Taylor alleges that she and Haider both report "to their immediate supervisors who, in turn, report[] to the Provost"; "perform academic advising tasks and policies and procedures for graduate students and the matriculation process"; and "oversee graduate programs and act as a point of contact for graduate programs." (*Id.* at ¶¶ 4.6, 4.9). TSU pays Haider $924.12 more than Taylor per year. (*Id.* at ¶ 4.12; *see* Docket Entry No. 15-1).

Taylor complained to TSU that Haider was paid more than she was, although she had a doctorate and he only a master's degree, and she had allegedly more relevant experience. (Docket Entry No. 15 at ¶ 4.2; *see also* Docket Entry No. 15-1). TSU responded that Haider is paid $924.12 more than Taylor annually, but his job and job duties are different than Taylor's, and "there is insufficient evidence to support [her] gender discrimination grievance." (Docket Entry No. 15-1).

TSU has moved to dismiss Taylor's Equal Pay Act claim, arguing that she fails to allege facts supporting a plausible inference that she and Haider held positions requiring "equal skill, effort, and responsibility," and that Taylor's previous lawsuits bar the claim. (Docket Entry No. 12 at 5–7 (quoting *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993))). Taylor amended her complaint and responded, arguing that the amended complaint alleges that she and Haider had the same job responsibilities, and that claim preclusion does not apply because she did not name

---

[1] In her amended complaint, Taylor alleges that Haider began his position as Assistant Dean in February 2016. (Docket Entry No. 15 at ¶ 4.4). However, in the letter from TSU included with her complaint, TSU states that Haider has been Assistant Dean since 2015.

Haider as a comparator in her two previous lawsuits. (Docket Entry No. 15; Docket Entry No. 16 at 3–4).

The parties' arguments are considered in detail below.

## II.     The Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).

The court should generally give a plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15(a)] evinces a bias in favor of granting leave to amend." (quotation omitted)); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court." *Pervasive Software*, 688 F33d at 232 (quotation omitted).

**III.   Analysis**

    **A.   Failure to State a Claim**

The Equal Pay Act "requires that an employer not discriminate 'between employees on the basis of sex … for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 993 (5th Cir. 2008) (quoting 29 U.S.C. § 206(d)(1)); *see also Chance*, 984 F.2d at 153. "[A] plaintiff must show that [she] received less money but performed work in a position requiring equal skill, effort, and responsibility under similar working conditions as a coworker of the opposite sex who is similarly situated." *Espinoza v. San Benito Consol. Indep. Sch. Dist.*, 753 F. App'x 216, 219 (5th Cir. 2018). To plead "equal work," Taylor must allege facts showing that the "skill, effort and responsibility" required for her performance are "substantially equal" to what is required of the similarly situated coworker. *Jones v. Flagship Int'l*, 793 F.2d 714, 723 (5th Cir. 1986); *see also Boudreaux v. Stranco Field Servs., LLC*, No. CV 18-5569, 2019 WL 2142045, at *7 (E.D. La. May 16, 2019).

Taylor's complaint fails to allege facts supporting this inference. She alleges that she and Haider have the same title (Assistant Dean of Graduate Programs); report to different direct supervisors, then to the provost; "oversee graduate programs and act as points of contact for graduate programs"; and "perform academic advisory tasks and policies and procedures for graduate students and the matriculation process." (Docket Entry No 15 at ¶¶ 4.6, 4.9). These very general and generic allegations provide no basis to compare the skill, effort, and responsibility demanded by Taylor's and Haider's positions, or to support an inference that Haider was similarly situated to Taylor in these areas of job performance. The allegations are not enough to state a plausible Equal Pay Act claim. *See, e.g.*, *Espinoza*, 753 F. App'x at 220 ("The officers' complaint does not explain how their job duties were the same as Martinez's."); *Boudreaux*, 2019 WL 2142045, at *7 (the plaintiff alleged "nothing about the skill, effort, or responsibility required by

4

the performance of either [comparator']s position . . . and makes bare mention of that required by her own."). The motion to dismiss is granted on this ground.

B.  **Claim Preclusion**

TSU argues that Taylor's Equal Pay Act claim is barred by res judicata, or claim preclusion. (Docket Entry No. 12 at 6-7). Taylor has sued TSU twice before, raising Equal Pay Act, gender discrimination, and retaliation claims. The court takes judicial notice of the filings in those cases—*Taylor v. TSU,* No. H-13-2708, 2014 WL 12586752 (S.D. Tex. Dec. 23, 2014) ("*Taylor I*"), and *Taylor v. TSU*, No. H-17-1522, 2018 WL 7291459 (S.D. Tex. Dec. 26, 2018), *adopted by* 2019 WL 290215 (S.D. Tex. Jan. 23, 2019) ("*Taylor II*")—to determine whether preclusion applies to this action. *See In re Deepwater Horizon*, No. 18-30243, 2019 WL 3798210, at *3 (5th Cir. Aug. 13, 2019) (a "court may . . . take judicial notice of its own records or of those of inferior courts." (quotation omitted)); *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) ("[W]e may take judicial notice of matters of public record."); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand."); *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a [Rule] 12(b)(6) motion to take judicial notice of public record."); *Cox v. Richards*, 761 F. App'x 244, 248 (5th Cir. 2019) ("A district court may take judicial notice of public records without converting a Rule 12(b)(6) motion into a motion for summary judgment.").

Because Taylor asserts a federal claim, federal preclusion applies. "Claim preclusion 'bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'" *Matter of Provider Meds, L.L.C.*, 907 F.3d 845, 852 (5th Cir. 2018) (quoting *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010)). A subsequent suit is barred if: "(1) the prior suit involved identical parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was a final judgment on the merits; and (4) the same claim or

5

cause of action was involved in both cases." *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 898 (5th Cir. 2016). This rule "prevents a later suit . . . from collaterally attacking a prior judgment by a court of competent jurisdiction." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009).

To determine whether two lawsuits involve the same claim or cause of action, the court applies a "transactional test" focusing on "whether the cases 'are based on the same nucleus of operative facts.'" *Retractable*, 842 F.3d at 899 (quoting *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007)). "The court should consider 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expressions or business understanding or usage.'" *Id.* (quoting *Petro-Hunt L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004)). "A prior judgment's preclusive effect extends to all or any part of the transaction, or series of connected transactions, out of which the original transaction arose." *Oreck*, 560 F.3d at 402 (alterations omitted) (quoting *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004)).

"[R]es judicata does not 'bar a suit based on acts of the defendant that have occurred subsequent to the final judgment asserted as a bar.'" *Anderson v. Houston Cmty. Coll. Sys.*, 90 F.Supp.3d 667, 671-72 (S.D. Tex. 2015) (quoting *Blair v. City of Greenville*, 649 F.2d 365, 368 (5th Cir. 1981)). If a subsequent wrong occurred "either after the plaintiffs had filed their prior lawsuit or after the district court had entered judgment in the prior lawsuit," the claim is not barred. *Davis*, 383 F.3d at 314; *see also Suter v. Univ. of Tex. at San Antonio*, SA-12-CV-969-OLG, 2013 WL 6919760, at *3 (W.D. Tex. Dec. 20, 2013) ("To the extent Plaintiff alleges that her current pay discrimination is based on actions that occurred after she filed [her first case] on July 16, 2010, those claims are not barred by res judicata as she could not have asserted them in [her first case.]").

Taylor sued TSU on September 13, 2013, asserting Title VII and Equal Pay Act violations. *Taylor I*, 2014 WL 12586752, at *3. She alleged that she was paid less than three individuals with

6

"Assistant Dean" in their titles, who were at other TSU graduate schools or programs. *Id.* The alleged comparators were: Shibu Mathews, Assistant Dean in the Thurgood Marshall School of Law; Kevin Adams, Assistant Dean in the School of Communications; and LaRence Snowden, Assistant Dean for Student Programs and External Affairs. *Id.* The court found on summary judgment that neither Adams nor Snowden was a valid comparator because each had "job responsibilities [that were] quite different, broader, more varied and demanding than those assigned to [Taylor]." *Id.* The court allowed Taylor to proceed to trial with Mathews as the sole comparator, because Taylor offered "some evidence" that she and Mathews had "comparable work responsibilities." *Id.* The jury found against Taylor after trial testimony revealed that Mathews, along with other Assistant Deans, had substantially different job responsibilities than Taylor, despite the similar title. *Id.* Final judgment was entered in favor of TSU in March 2015. Final Judgment, *Taylor I*, No. H-13-2708, 2015 WL 5970163 (S.D. Tex. Mar. 26, 2015).

In *Taylor II*, Taylor alleged that TSU discriminated and retaliated against her based on race and sex by passing her up for an Associate Dean position, failing to discuss performance evaluations with her, and not increasing her salary. *Taylor II*, 2018 WL 7291459, at *5–6. She also alleged that Carol Mitchell, a College Budget Officer, and Cheymere Robinson, an Admissions Counselor, had received pay increases but Taylor had not. *Id.* at *6. The court granted TSU summary judgment on all claims, finding that "Taylor has not raised a genuine issue of material fact on her discrimination or retaliation claims," and that TSU had legitimate and nondiscriminatory reasons for increasing Mitchell's and Robinson's salaries. *Id.*

In this lawsuit and in *Taylor I*, Taylor alleged sex discrimination and asserted Equal Pay Act claims. While both cases arise from the same core allegation that TSU discriminated against Taylor based on her sex by paying male—and some female—Assistant Deans more, Taylor has alleged a different comparator in this action. This comparator was hired in 2015, after Taylor had

7

filed *Taylor I*.  (Docket Entry No. 1-1).  Taylor therefore alleges a "subsequent wrong" not barred by her earlier litigation.

## IV.     Conclusion

TSU's motion to dismiss is granted, without prejudice and with leave to amend.  (Docket Entry No. 12).  Taylor must amend, consistent with Rule 11, no later than **September 27, 2019**.

SIGNED on September 13, 2019, at Houston, Texas.

                                                Lee H. Rosenthal
                                Chief United States District Judge